```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE   NO.   05-22597-CIV-MOORE
                              MAGISTRATE JUDGE P. A. WHITE
```

DANIEL MAGLIO,                      :

    Plaintiff,                   :

v.                                  :      PRELIMINARY REPORT
                                                         OF MAGISTRATE JUDGE
DR. HARIDAS BHADJA,                 :

    Defendant.                   :
_____

## I.   Introduction

On February 9, 2009, the plaintiff, currently incarcerated at the South Bay Correctional Facility, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 concerning events that took place at the Okeechobee Correctional Institution ("OCI"). [DE# 1]. The plaintiff is proceeding in forma pauperis. This Complaint is essentially a refiling of the Amended Complaint in Case No. 05-22597-Civ-King, which was dismissed without prejudice.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

## II.   Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

                * * *

>     (e)(2) Notwithstanding any filing fee, or
> any portion thereof, that may have been paid,
> the court shall dismiss the case at any time
> if the court determines that –
>
>            *    *    *
>
>     (B) the action or appeal –
>
>            *    *    *
>
>     (i)  is frivolous or malicious;
>
>     (ii) fails to state a claim on which
>     relief may be granted; or
>
>     (iii) seeks monetary relief from a
>     defendant who is immune from such
>     relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of

state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

3

The plaintiff names Dr. Haridas Bhadja, a physician employed by Wexford Health Services working at OCI, as the sole defendant. The plaintiff raises the following factual allegations. On March 23, 2005 he began to experience severe pain from a pinched nerve in his lower back area. He could not eat or sleep without pain and he had difficulty performing daily activities, including walking without assistance, cleaning and dressing himself and he had to use a wheelchair to be ambulatory. An x-ray taken on July 14, 2005 revealed abnormalities with follow up needed. An MRI taken at the North Florida Reception Center confirmed "degenerative changes of the lumbar spine with multi level disc bulging and protrusion with neural compromise." [See Exhs.]. The plaintiff requested medical care on March 25, 2005, and was seen by LPN Ruth Griffin. Griffin immediately recognized that the plaintiff needed to see Dr. Bhadja, and issued a referral. On March 30, 2005, ARNP William Bass prescribed two weeks of bed rest, per Dr. Bhadja's instructions. The plaintiff presented to M. Watkins at sick call on April 1, 2005, who saw that the plaintiff was in severe pain and referred him to see Dr. Bhadja. The plaintiff presented to Dr. Bhadja the same day, and told him he believed he had a pinched nerve in his back and he was in severe pain. On the same day, Dr. Bhadja approved the appointment of an inmate to assist the plaintiff, and told the plaintiff he wasn't going to do anything more about the plaintiff's pain, "per Wexford's policies." On April 9, 2005, the plaintiff was again referred to see Dr. Bhadja, but Dr. Bhadja refused to see him. On April 12, 2005, Dr. Bhadja ordered Nurse Bass to diagnose the plaintiff with arthritis, although he did not perform even a cursory examination. Dr. Bhadja continued to refuse to see the plaintiff in April and May, 2005. On June 5, 2005, Dr. Bhadja approved over-the-counter pain medication for three days, and on June 13, 2005 he prescribed a three day course of muscle relaxers. On July 1, 2005, the plaintiff was given more over the

counter pain medication and an over the counter analgesic balm.  In response to the plaintiff's second grievance, Dr. Bhadja ordered an x-ray and Nurse bass prescribed 600 mg Motrin for thirty days.  Dr. Bhadja informed the plaintiff that the x-ray results were clinically insignificant.  A Florida Department of Corrections orthopedic specialist recommended surgery, but Dr. Bhadja refused to authorize the surgery.  The plaintiff was transferred from OCI to the NFRC for a lover biopsy and other treatment but not for his back pain.  The plaintiff alleges that Dr. Bhadja acted with deliberate indifference by not providing minimally constitutional health care and by failing to proper examination, diagnosis, evaluation, prognosis and treatment, and failing to send the plaintiff to a specialist and order an MRI exam.  The plaintiff seeks monetary damages.

    The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted).  An Eighth Amendment claim contains both an objective and a subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363.  The objective component

5

requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11 Cir. 1994) (quotation marks and citation omitted). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106. The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105-06; Wilson, 501 U.S. at 298.

The Eleventh Circuit has provided guidance concerning the distinction between "deliberate indifference" and "mere negligence." For instance, "an official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11 Cir. 1997). The "deliberate indifference" standard may be met

in instances where a prisoner is subjected to repeated examples of delayed, denied, or grossly incompetent or inadequate medical care; prison personnel fail to respond to a known medical problem; or prison doctors take the easier and less efficacious route in treating an inmate. See, e.g., Waldrop v. Evans, 871 F.2d 1030, 1033 (11 Cir. 1989).

Allegations that raise only claims of mere negligence, neglect, or medical malpractice are insufficient to recover on a §1983 claim. Estelle v. Gamble, supra. In fact, once an inmate has received medical care, courts are hesitant to find that an Eighth Amendment violation has occurred. Hamm, supra. Treatment violates the Eighth Amendment only if it involves "something more than a medical judgment call, an accident, or an inadvertent failure," Murrell v. Bennett, 615 F.2d 306, 310 n. 4 (5 Cir. 1980). It must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Rogers v. Evans, supra at 1058.

Moreover, the Courts have long recognized that a difference of opinion between an inmate and the prison medical staff regarding medical matters, including the diagnosis or treatment which the inmate receives, cannot in itself rise to the level of a cause of action for cruel and unusual punishment, and have consistently held that the propriety of a certain course of medical treatment is not a proper subject for review in a civil rights action. Estelle v. Gamble, supra, at 107 ("matter[s] of medical judgment" do not give rise to a §1983 claim). See Ledoux v. Davies, 961 F.2d 1536 (10 Cir. 1992) (inmate's claim he was denied medication was contradicted by his own statement, and inmate's belief that he needed additional medication other than that prescribed by treating physician was insufficient to establish constitutional violation);

7

Ramos v. Lamm, 639 F.2d 559, 575 (10 Cir. 1980) (difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation), cert. denied, 450 U.S. 1041 (1981); Smart v. Villar, 547 F.2d 112, 114 (10 Cir. 1976) (same); Burns v. Head Jailor of LaSalle County Jail, 576 F.Supp. 618, 620 (N.D. Ill., E.D. 1984) (exercise of prison doctor's professional judgment to discontinue prescription for certain drugs not actionable under §1983).

### 1. Serious Medical Need

The plaintiff has sufficiently alleged that he has a serious medical need.  The plaintiff has alleged that he had severe pain that was obvious to several health care providers.  The plaintiff's medical need thus constitutes a medical need "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d at 1187.  As the plaintiff has demonstrated that he had a serious medical need, the analysis can continue to determine whether the plaintiff has sufficiently alleged deliberate indifference against the defendant.

### 2. Deliberate Indifference

The plaintiff alleges that Dr. Bhadja was well aware of his severe pain yet did not provide proper medical care, and Dr. Bhadja has ignored the recommendations of an orthopedic specialist by refusing to permit the plaintiff to have surgery.  He further alleges that he presented to Dr. Bhadja, but the doctor provided no treatment nor arranged for any treatment, and he made a diagnosis without any examination.  Although the plaintiff states that Dr. Bhadja did, on occasion, prescribe bed rest and pain medication,

his allegations, taken as a whole, are sufficient to raise a claim under the Twombly or any heightened pleading standard that Dr. Bhadja may have been deliberately indifferent to the plaintiff's serious medical needs. The facts indicate that Dr. Bhadja may have deliberately ignored the plaintiff's pain, may have taken the less efficacious route in providing treatment, and/or have refused to allow recommended reparative surgery as prescribed by a specialist. It is therefore recommended that the constitutional claim against Dr. Bhadja remain pending.

The plaintiff has specified that he intends to sue the defendant in his individual and official capacity. A §1983 suit against the defendant in his official capacity is tantamount to a suit against the State, and thus the defendant would be immune from monetary damages based upon the Eleventh Amendment. Gamble v. Fla. Dept. of Health and Rehabilitative Services, 779 F.2d 1509, 1512-13 (11 Cir. 1986). The allegations of the complaint, however, state a classic case of an official acting outside the scope of his duties and in an arbitrary manner. Scheuer v. Rhodes, 416 U.S. 232, 238 (1974). Under this construction of the complaint, this Court has jurisdiction over the defendant in his individual capacity. Moreover, a determination of whether the defendant might be entitled to qualified immunity cannot be determined at this juncture or upon consideration of a motion to dismiss.

### III.  Conclusion

Based on the foregoing, it is recommended that the Complaint proceed against Dr. Bhadja in his individual capacity on the claim of deliberate indifference to his serious medical needs.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 10th day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE


cc: Daniel Maglio, <u>Pro Se</u>
    No. 910692
    South Bay Correctional Facility
    600 U.S. Highway 27 South
    South Bay, FL 33493